CYNTHIA L. MELLEMA (State Bar No. 122798)
MICHELLE A. TRUDELLE (State Bar No. 221323)
SONNENSCHEIN NATH & ROSENTHAL LLP
2121 N. California Boulevard, Suite 800
Walnut Creek, California 94596
Telephone: (925) 949-2600
Facsimile:  (925) 949-2610

Attorneys for Defendant
ALLSTATE INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANZELLA JONES,<br><br>          Plaintiff,<br><br>     vs.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>          Defendant. | No.  C08-00458 CW<br><br>**ALLSTATE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant Allstate Insurance Company ("Allstate"), on behalf of itself and no other party, hereby answers plaintiff's Complaint (the "Complaint") as follows:

1. Allstate admits it issued a homeowners insurance policy (the "Policy") to Corky Jones prior to October 17, 2006 insuring property at 1238 Linfield Lane, Hayward, Alameda County, California (the "Property").  The Policy is a written document which speaks for itself.  Allstate denies the allegations in Paragraph 1 to the extent they are inconsistent with or differ from the written document.  To the extent not expressly admitted, Allstate denies all remaining allegations in Paragraph 1.

2. Allstate admits it is a corporation licensed to sell insurance in the State of California.  Allstate admits it is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in the State of Illinois.  To the extent not expressly admitted, Allstate denies all remaining allegations in Paragraph 2.

3. Allstate admits a fire occurred on or about October 17, 2006 at the Property and that the fire damaged the Property and its contents. To the extent not expressly admitted, Allstate denies all remaining allegations in Paragraph 3.

4. Allstate admits it is doing business within the judicial district of the United States District Court for the Northern District of California. The remaining allegations in Paragraph 4 consist of legal conclusions requiring no response or allegations for which Allstate lacks sufficient knowledge to either admit or deny, and on that basis Allstate denies those allegations.

5. The allegations in Paragraph 5 consist of legal conclusions requiring no response, and on that basis Allstate denies those allegations.

6. Allstate admits that on October 18, 2006 it was notified of fire at the Property. To the extent not expressly admitted, Allstate denies all remaining allegations in Paragraph 6.

7. Allstate admits it issued a letter to plaintiff dated June 26, 2007 denying plaintiff's claim under the Policy (the "June 26, 2007 Letter"). The June 26, 2007 Letter is a written document which speaks for itself. Allstate denies the allegations in Paragraph 7 to the extent they are inconsistent with or differ from the written document. To the extent not expressly admitted, Allstate denies all remaining allegations in Paragraph 7.

8. Allstate admits a dispute arose between the parties regarding coverage for plaintiff's claim, which dispute is reflected in correspondence between the parties. Allstate denies the allegations in Paragraph 8 to the extent they are inconsistent with or differ from the written correspondence. To the extent not expressly admitted, Allstate denies all remaining allegations in Paragraph 8.

9. Allstate admits it conducted a second examination under oath of plaintiff and that its investigation of plaintiff's claim is pending. To the extent not expressly admitted, Allstate denies all remaining allegations in Paragraph 9.

10. Allstate admits plaintiff requested a copy of the Policy and that Allstate provided to plaintiff a copy of the applicable policy form. The Policy is a written document which speaks for itself. Allstate denies the allegations in Paragraph 10 to the extent they are inconsistent with

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 N. CALIFORNIA BOULEVARD, SUITE 800
WALNUT CREEK, CA 94596
(925) 949-2600

1  or differ from the written document.  To the extent not expressly admitted, Allstate denies all
2  remaining allegations in Paragraph 10.
3      11.  Allstate admits issuing endorsement AP 1862-1 to the Policy.  The Policy is a
4  written document which speaks for itself.  Allstate denies the allegations in Paragraph 11 to the
5  extent they are inconsistent with or differ from the written document.  The remaining allegations
6  in Paragraph 11 consist of legal conclusions requiring no response or allegations for which
7  Allstate lacks sufficient knowledge to either admit or deny, and on that basis Allstate denies
8  those allegations.
9      12.  Allstate lacks sufficient knowledge to either admit or deny the allegations in
10 Paragraph 12 regarding what plaintiff seeks in this action, and on that basis Allstate denies those
11 allegations.  Allstate denies all remaining allegations in paragraph 12.
12     13.  Allstate denies each and every allegation in Paragraph 13.
13     14.  Allstate denies each and every allegation in Paragraph 14.
14     15.  Allstate denies each and every allegation in Paragraph 15.
15     16.  Allstate incorporates by reference its responses to each and every allegation in
16 Paragraphs 1 through 15, as if fully set forth here.
17     17.  Allstate denies each and every allegation in Paragraph 17.
18     18.  Allstate denies each and every allegation in Paragraph 18.
19     19.  Allstate denies each and every allegation in Paragraph 19.
20     20.  Allstate incorporates by reference its responses to each and every allegation in
21 Paragraphs 1 through 19, as if fully set forth here.
22     21.  Allstate denies each and every allegation in Paragraph 21.
23     22.  Allstate denies each and every allegation in Paragraph 22.
24     23.  Allstate denies each and every allegation in Paragraph 23.
25     24.  Allstate incorporates by reference its responses to each and every allegation in
26 Paragraphs 1 through 23, as if fully set forth here.
27     25.  Allstate denies each and every allegation in Paragraph 25.
28

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 N. CALIFORNIA BOULEVARD, SUITE 800
WALNUT CREEK, CA 94596
(925) 949-2600

26. Allstate denies plaintiff has been harmed by any conduct on Allstate's part. The remaining allegations in Paragraph 26 consist of legal conclusions requiring no response, and on that basis Allstate denies those allegations.

27. Allstate denies each and every allegation in Paragraph 27.

28. Allstate lacks sufficient knowledge to either admit or deny the allegations in Paragraph 28 regarding what plaintiff seeks in this action, and on that basis Allstate denies those allegations. Allstate denies all remaining allegations in paragraph 28.

As for separate and distinct affirmative defenses, Allstate alleges as follows:

### First Defense
### (Failure to State Cause of Action)

1. The Complaint, and each and every purported cause of action in the Complaint, fails to state facts sufficient to constitute a cause of action against Allstate.

### Second Defense
### (Fault of Others)

2. Plaintiff's damages, the fact and extent of which Allstate denies, were either wholly or partially caused by and/or contributed to by the fault of others, whether that fault be the proximate result of intentional conduct, negligence, breach of contract, or any other type of fault, of persons, firms, corporations or entities other than Allstate, for which Allstate is not responsible. Such intentional conduct, negligence or fault bars recovery against Allstate or comparatively reduces the percentage of fault or negligence, if any, of Allstate.

### Third Defense
### (Consent and/or Authorization of Plaintiff)

3. Plaintiff consented to and/or authorized all conduct and/or omissions of Allstate alleged in the Complaint.

### Fourth Defense
### (Waiver)

4. The Complaint, and each and every purported cause of action in the Complaint, is barred by the doctrine of waiver.

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 N. CALIFORNIA BOULEVARD, SUITE 800
WALNUT CREEK, CA 94596
(925) 949-2600

**Fifth Defense**

**(Estoppel)**

5.   The Complaint, and each and every purported cause of action in the Complaint, is barred by the doctrine of estoppel.

**Sixth Defense**

**(Unclean Hands)**

6.   The Complaint, and each and every purported cause of action in the Complaint, is barred by the doctrine of unclean hands.

**Seventh Defense**

**(Laches)**

7.   The Complaint, and each and every purported cause of action in the Complaint, is barred by the doctrine of laches.

**Eighth Defense**

**(Active Fault of Plaintiff)**

8.   The Complaint, and each and every purported cause of action in the Complaint, is barred by the active fault of plaintiff and/or plaintiff's counsel.

**Ninth Defense**

**(Comparative Fault)**

9.   The Complaint, and each and every purported cause of action in the Complaint, is barred and/or plaintiff's recovery is reduced because plaintiff's alleged damages were the result of plaintiff's comparative fault.

**Tenth Defense**

**(Mitigation of Damages)**

10.   To the extent plaintiff has failed to mitigate, minimize or avoid any damages she has allegedly suffered, recovery against Allstate, if any, must be reduced by that amount.

**Eleventh Defense**

**(Assumption of Risk)**

11.   Plaintiff knew, or in the exercise of reasonable care should have known, the risks of

the matters alleged in the Complaint. Plaintiff knowingly and voluntarily assumed and accepted such risks, and any damages allegedly suffered by plaintiff were the proximate result of plaintiff's assumptions and acceptance of such risks.

### Twelfth Defense
### (Statute of Limitations)

12. The Complaint, and each and every purported cause of action in the Complaint, is barred by the applicable statutes of limitation, including, without limitation, California Code of Civil Procedure sections 337, 338, 339, 340 and 343.

### Thirteenth Defense
### (No Causation)

13. Plaintiff is not entitled to relief from Allstate because she has not sustained any injury, damage or loss by reason of any conduct, act, error or omission on Allstate's part.

### Fourteenth Defense
### (Intervening Cause)

14. Plaintiff's damages, the fact and extent of which Allstate denies, were proximately caused by intervening, superseding and/or supervening acts for which Allstate has no liability.

### Fifteenth Defense
### (No Coverage for Claimed Losses)

15. The Complaint, and each and every purported cause of action in the Complaint, is barred in that it seeks payment, reimbursement, contribution or indemnification for, or is based on, losses that are not covered or that are excluded from coverage under the terms, definitions, exclusions, conditions and limitations contained in the Policy.

### Sixteenth Defense
### (Policy Limits)

16. The Policy provides coverage, if at all, only to the extent of limits of liability listed on its declarations page.

///

///

**Seventeenth Defense**

**(Obligations Limited to Policy Terms)**

17. Allstate's obligations, if any, to plaintiff are governed and limited by the terms, definitions, exclusions, conditions, and limitations contained in the Policy.

**Eighteenth Defense**

**(Plaintiff's Failure to Comply With Policy Terms)**

18. Plaintiff failed to satisfy the terms and/or conditions of the Policy.

**Nineteenth Defense**

**(Contractual Limitations Period)**

19. The Policy requires that any suit or action be brought within one (1) year after the date of loss. The statute is tolled from the date of tender to the date of denial. *Prudential-LMI Com. Ins. v. Sup. Ct.*, 51 Cal. 3d 674 (1990); Cal. Ins. Code § 2071. Plaintiff is barred from recovery if she failed to bring this action within the one year contractual limitations period.

**Twentieth Defense**

**(Misrepresentation)**

20. Plaintiff's claims are barred, in whole or in part, because plaintiff failed to disclose, concealed, or misrepresented material facts or circumstances, either before or after the alleged loss.

**Twenty-First Defense**

**(Reasonableness of Allstate)**

21. Allstate's conduct was at all times reasonable and not tortious.

**Twenty-Second Defense**

**(Allstate's Compliance With Obligations)**

22. Allstate fully performed all obligations, both express and implied, if any, owed to plaintiff under applicable law.

**Twenty-Third Defense**

**(Election of Remedies)**

23. To the extent plaintiff has elected to pursue a certain remedy, she is barred from

1  pursuing or recovering under any other remedy under the doctrine of election of remedies.

## **Twenty-Fourth Defense**

### **(Speculative Nature of Damages)**

24. Plaintiff is not entitled to judgment because her damages claims are speculative.

## **Twenty-Fifth Defense**

### **(Privilege)**

25. Allstate's alleged acts, conduct and/or omissions were lawful, privileged and/or justified.

## **Twenty-Sixth Defense**

### **(Ratification of Conduct)**

26. With full knowledge of all facts in any way connected with or relating to the matters alleged in the Complaint, plaintiff duly ratified, acquiesced and/or confirmed in all respects the conduct and/or omissions of Allstate alleged in the Complaint.

## **Twenty-Seventh Defense**

### **(Set-Off)**

27. To the extent Allstate is liable to plaintiff, if at all, Allstate is entitled to a set-off on account of damages Allstate sustained as a result of plaintiff's acts, conduct or omissions.

## **Twenty-Eighth Defense**

### **(Failure to Join Necessary Party)**

28. Plaintiff's husband, Corky Jones, is an insured under the Policy, is materially interested in the subject matter of the case and is required for a just and complete adjudication. Plaintiff is required to join Corky Jones as a party to this action. Plaintiff has failed to do so.

## **Twenty-Ninth Defense**

### **(Appraisal)**

29. Plaintiff's claim for policy benefits is subject in whole or in part to appraisal under the Policy.

///

///

**Thirtieth Defense**

**(No Punitive or Non-Compensatory Damages)**

30. The Complaint fails to state facts sufficient to entitle plaintiff to punitive damages.

**Thirty-First Defense**

**(Unconstitutionality of Punitive Damages)**

31. Plaintiff's claim for punitive damages is barred because the California punitive damages statute is unconstitutional in that, among other things, it is void for vagueness, violates the equal protection clause, violates the due process clause, is an undue burden on interstate commerce, violates the contract clause, and violates the Eighth Amendment proscription against excessive fines pursuant to the United States and California Constitutions.

**Thirty-Second Defense**

**(No Entitlement to Attorneys' Fees)**

32. Plaintiff is precluded from recovering attorneys' fees and costs from Allstate under applicable provisions of the law.

**Thirty-Third Defense**

**(Right To Assert Additional Defenses)**

33. Allstate reserves the right to amend this Answer and to assert any additional defenses in the future after conducting discovery.

WHEREFORE, Allstate prays for judgment in its favor and against plaintiff as follows:

1. That plaintiff takes nothing by way of the Complaint and that the Complaint be dismissed with prejudice;

2. That Allstate be awarded its fees and costs incurred in this action; and

3. For such other and further relief as the Court deems just and proper.

Dated:  March 4, 2008                        SONNENSCHEIN NATH & ROSENTHAL LLP


By _____/s/_____
   CYNTHIA MELLEMA
Attorneys for Defendant
ALLSTATE INSURANCE COMPANY