1   CYNTHIA L. MELLEMA (State Bar No. 122798)
    JEFFRY BUTLER (State Bar No. 180936)
2   MICHELLE A. BRADLEY (State Bar No. 221323)
    SONNENSCHEIN NATH & ROSENTHAL LLP
3   2121 N. California Boulevard, Suite 800
    Walnut Creek, California 94596
4   Telephone: (925) 949-2600
    Facsimile:  (925) 949-2610

    Attorneys for Defendant
    ALLSTATE INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANZELLA JONES, | No. C08-00458 CW |
| Plaintiff, | JOINT CASE MANAGEMENT CONFERENCE STATEMENT |
| vs. | |
| ALLSTATE INSURANCE COMPANY, | |
| Defendant. | |

Pursuant to Federal Rule of Civil Procedure 26(f) and Civil L.R. 16-9(a), the parties submit this Joint Case Management Statement with respect to the Case Management Conference set for May 6, 2008, and request that the Court adopt it as the Case Management Order.

**1.     Jurisdiction and Service:**

Plaintiff filed this action in United States District Court, Northern District of California. This Court has original jurisdiction under 28 U.S.C. section 1332.  Plaintiff and Allstate are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

All parties have been served.

**2.     Facts:**

Allstate Insurance Company ("Allstate") issued a homeowners policy to named insured Corky Jones, which was in effect on or about October 17, 2006 (the "Policy").  The Policy also provided insurance to the named insured's resident spouse.  Plaintiff was Corky Jones' resident spouse during the relevant time period.  On or about October 17, 2006, there was a fire at plaintiff's home.  Based upon the investigation, a determination was made that Corky Jones intentionally set the fire. Allstate denied coverage for the claim as to both plaintiff and Corky Jones on June 26, 2007.

Plaintiff disagreed with Allstate's determination of coverage.  This action followed.

**3.     Legal Issues:**

One or more party contends the following legal issues are in dispute:

1.     Whether Allstate breached the policy;

2.     Whether Allstate breached the implied covenant of good faith and fair dealing; and

3.     Whether Allstate engaged in unfair business practices.

**4.     Motions:**

1.     Allstate will file a motion to join Corky Jones as a party to the action;

2.     Allstate will file a motion for summary judgment or adjudication of the issues; and

3. To the extent there is a dispute about the amount of the loss subject to appraisal, Allstate may file a motion to compel appraisal and/or to stay the action during the appraisal process.

4. Plaintiff may file a motion for summary judgment on the question of whether she is an "innocent co-insured" and thus entitled to coverage under the Policy.

**5. Amendment of Pleadings:**

The parties do not anticipate amending the pleadings at this time.

**6. Evidence Preservation:**

The parties have taken appropriate steps to ensure the preservation of evidence.

**7. Disclosures:**

The parties will serve their initial disclosures on or before April 23, 2008.

**8. Discovery:**

The parties plan to conduct discovery regarding all allegations in the complaint. The parties anticipate propounding written discovery and deposing the parties and other relevant witnesses. The parties do not believe any modification to the Federal Rules is necessary at this time.

**9. Related Cases:**

There are no currently pending related cases.

**10. Relief:**

Plaintiff's Statement

Plaintiff seeks monetary damages for the alleged breach of contract and insurance bad faith. She also seeks injunctive relief to require Allstate to independently evaluate each spouse's liability for any alleged misconduct related to losses or insurance claims arising under property insurance policies.

Defendant's Statement

Allstate is not seeking any relief.

///

///

**11. Settlement and ADR:**

The parties agree to participate in early neutral evaluation, and filed an ADR stipulation on April 9, 2008.

**12. Consent to Magistrate:**

Allstate filed its declination to proceed before a magistrate judge on February 7, 2008.

**13. Other References:**

The parties do not believe any other reference is necessary at this time.

**14. Narrowing of Issues:**

The parties believe it is premature to narrow the issues through stipulation at this time. However, as discovery progresses, the parties will re-evaluate this issue.

**15. Scheduling:**

The parties do not believe this case should be handled on an expedited basis. The parties propose the following schedule for discovery, motions and trial:

| | |
|---|---|
| Exchange of Initial Disclosures: | April 23, 2008 |
| FRCP 26(a)(2) expert disclosures: | January 30, 2009 |
| FRCP 26(a)(2) rebuttal disclosures: | February 13, 2009 |
| Non-expert discovery cut-off: | February 13, 2009 |
| Expert Discovery cut-off: | March 13, 2009 |
| Dispositive pre-trial motion filing cut-off: | April 2, 2009 |
| Dispositive pre-trial motion hearing cut-off: | May 14, 2009 |
| Pretrial conference statements: | June 5, 2009 |
| Pretrial conference: | July 14, 2009 |

**16. Trial:**

The parties request a trial date of August 10, 2009.

**17. Disclosure of Non-Party Interested Entities or Persons:**

Allstate Insurance Company is not aware of any interested parties required to be disclosed pursuant to Northern District Local Rule 3-16.

FILER'S ATTESTATION:

Pursuant to General Order No. 45, section X(B) regarding signatures, I attest under penalty of perjury that the concurrence in the filing of this document has been obtained from its signatories.

DATED: April 14, 2008          By: _____*/s/ Michelle Bradley*_____
                                         MICHELLE BRADLEY


                               Respectfully Submitted,

Dated: April 14, 2008          FLYNN, ROSE & PERKINS


                               By_____*/s/ Gary S. Rose*_____
                                         GARY S. ROSE

                               Attorneys for Plaintiff
                               ANZELLA JONES

Dated: April 14, 2008          SONNENSCHEIN NATH & ROSENTHAL LLP


                               By_____*/s/ Michelle Bradley*_____
                                         CYNTHIA MELLEMA
                                         MICHELLE BRADLEY

                               Attorneys for Defendant
                               ALLSTATE INSURANCE COMPANY

## [PROPOSED] CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

In addition, the Court orders:



Dated: _____           _____
                                         Hon. Claudia Wilken